[No. 4237.   Decided September 6, 1902.]

MARGARET JORDAN, *Appellant,* v. CITY OF SEATTLE, *Respondent.*

APPEAL BY CITIES — SUPERSEDEAS — BOND UNNECESSARY.

An appeal by a city from a judgment against it operates as a supersedeas of the judgment and any execution thereof, without the necessity of bond, and hence an order of the court commanding the city comptroller to issue a warrant on a judgment against the city was properly vacated, where an appeal from such judgment was subsequently taken by the city.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*J. P. Ball* and *I. D. McCutcheon,* for appellant.

*W. E. Humphrey, Edward Von Tobel* and *Mitchell Gilliam,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—On January 2, 1902, a judgment was entered against respondent city, and in favor of appellant, in the superior court of King county. On the 20th of January subsequently, the judgment was satisfied by appellant on the court record, and a certified copy of such satisfaction was presented to the city comptroller, with a demand that he issue a city warrant therefor. The comptroller refused to issue the warrant. Application was then made to the superior court, and an order was obtained on the 24th of January from the court, commanding the comptroller to issue the warrant to appellant. In the meantime the respondent city appealed from the judgment, and applied to the superior court to vacate its order requiring the comptroller to issue the warrant, and thereupon the order was vacated.

Appellant assigns as error the refusal of the court to order the issuance of the warrant. The appeal by the city from the judgment operates as a supersedeas of the judgment and any execution thereof pending the appeal. *Campbell v. Hall,* 28 Wash. 626 (69 Pac. 12). It is there observed:

"Section 6505, Bal. Code, provides: 'But no bond or deposit shall be required when the appeal is taken by the state, or by a county, city, town or school district thereof.' The action, although against appellants in their official capacity, is, in substance, against the municipality. The

statute therefore dispenses with the requisite of either an appeal or supersedeas bond. The appeal of the municipality, then, of its own force superseded the execution of the judgment."

The order of the superior court is affirmed.

DUNBAR, HADLEY, MOUNT, FULLERTON, ANDERS and WHITE, JJ., concur.